IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYRA R. RUTTENBERG, | ) |
|             Plaintiff, | ) |
| v. | ) |
| GEOFFREY W. RUTTENBERG, DAVID W. RUTTENBERG a/k/a BUZZ RUTTENBERG, JEROME MEYER, in his capacity as trustee of THE ALDINE TRUST, and 2002 NORTH MOHAWK, LLC | ) Case No. 08 C 4898 |
|             Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Geoffrey W. Ruttenberg ("Geoffrey"), David W. Ruttenberg a/k/a Buzz Ruttenberg ("David" or "Buzz"), Jerome Meyer, in his capacity as trustee of The Aldine Trust ("Jerome") and 2002 North Mohawk, LLC ("2002 North Mohawk")(collectively the "Defendants"), by their attorneys Ice Miller LLP and Chen Nelson Roberts Ltd., and hereby move to dismiss Myra Ruttenberg's six-count Complaint in its entirety. In support of its motion, the Defendants state as follows:

    1.    Geoffrey and Myra are in the middle of an acrimonious divorce proceeding. In a misguided effort to gain leverage over her husband in that divorce proceeding, Myra has filed this six-count complaint against her husband, her father-in-law, David, and David's trust, and a single-purpose entity created to develop a residential lot located in Chicago, accusing them all of conspiring to transfer certain properties from Geoffrey to his father during their marriage. Despite the length of the complaint, and its colorful rhetoric, all of the counts fail to state a claim upon which relief can be granted. For the reasons stated herein, and as explained further in Defendants' supporting memorandum of law, Defendants request that the Court dismiss all counts filed against them with prejudice, or alternatively, that the Court dismiss the RICO count

with prejudice, and dismiss the remaining common law counts with leave to re-file the same in state court before the judge who is handling the divorce proceeding.

2. "The court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails 'to state a claim upon which relief can be granted.'" *Matrix IV, Inc. v. American Nat'l Bank,* 2007 WL 853968, * 3 (N.D. Ill. 2007)(Marovich J.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* ___ U.S. ___, ___ - ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Id.* (internal citations omitted).

3. In Count I of the Complaint, Myra alleges that Geoffrey, David and the Aldine Trust have engaged in fraud to divest Geoffrey and the marital estate of his assets and Myra of her share of the same. To successfully plead a case for fraud, a plaintiff must allege the following elements: (1) a false statement of material fact was made; (2) the party making the statement knew it or believed it to be untrue; (3) the recipient had a right to rely on it and did so; (4) the statement was made for the purpose of inducing the recipient to act; and (5) an injury of the recipient by his reliance on the statement. Additionally, Federal Rule of Civil Procedure 9(b) requires that "all averments of fraud" must be stated with particularity." Fed.R.Civ.P. 9 (b). "The purpose of Rule 9 (b) is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual." Further, when multiple defendants are named, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis

- 3 -

for fraud against him. *See Hengel v. Hot 'n Now, Inc.*, 825 F.Supp. 1311, 1319 (N.D. Ill. 1993). Also, "[g]enerally, under Illinois law there is no action for promissory fraud; meaning that the alleged misrepresentations must be statements of present or preexisting facts, and not statements of future intent or conduct." *Ault v. C.C. Services, Inc.*, 232 Ill. App. 3d 269, 271 597 N.E.2d 720 (3d Dist. 1992). Where the future intent or conduct is beyond the control of the defendant, there can be no fraud.

        4.        In this case, Myra's fraud count must be dismissed as she satisfies none of these pleading requirements mentioned above. Specifically, the Complaint is silent as to what false statement of fact was made, who it was made by, whether the party making the statement knew it was untrue, or how Myra Ruttenberg was harmed by the false statement. Further, Myra has not informed any of the Defendants of the specific fraudulent acts which constitute the basis of the fraud claim against them. Because, Myra Ruttenberg has not plead her fraud claim properly, this Court should dismiss this cause of action.

        5.        The Complaint also contains a Count for RICO. This Count must be dismissed because Plaintiff failed to allege an injury from the "acquisition or maintenance" of an enterprise. Further, the Count should be dismissed because Plaintiff has not even alleged the "enterprise" with sufficient specificity. The Seventh Circuit holds that "[a] RICO complaint must identify the enterprise." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995). Identification of the enterprise must necessarily include details about the structure of the enterprise. *Segreti v. Lome*, 147 F.Supp. 484, 486 (N.D. Ill 1990). Here, plaintiff has failed to allege the existence of an "enterprise" that contains a "structure" as required by the case law interpreting RICO. All that plaintiff alleges is that the father and son had an "association" created to further their alleged "scheme," and that the "enterprise" "engaged in and affected

interstate commerce…" Such allegations are insufficient to allege the existence of an "enterprise" for purposes of stating a RICO claim.

6. The RICO Count must also be dismissed because Plaintiff has failed to identify the existence of two distinct entities. Under RICO, a plaintiff must allege and prove the existence of two distinct entities: "(1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Wooley v. Jackson Hewitt, Inc.*, 540 F.Supp.2d 964, 975 (N.D. Ill. 2008)(dismissing lawsuit for, among other reasons, failing to identify a "person" separate from the "enterprise"). Further, plaintiff has failed to allege a pattern of racketeering. A pattern of racketeering activity is established where "the racketeering predicates are related, and . . . they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893 (1989). In summary, where, as here, a complaint alleges only a single fraudulent scheme, a single victim, and a single injury, it fails to establish a pattern of racketeering activity sufficient to state a RICO claim. *Clerk v. Robert W. Baird Co., Inc.*, 142 F.Supp.2d 1065, 1072 (N.D. Ill. 2001).

7. The RICO Count also fails because the alleged acts of mail and wire fraud are not pled with specificity. Rule 9(b) applies to allegations of mail and wire fraud and by extension to RICO claims that rest on predicate acts of mail and wire fraud. *See, e.g., Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327-8 (7th Cir. 1994)(affirming dismissal of RICO complaint with prejudice). Thus, "loose references to mailings and telephone calls" in furtherance of a purported scheme to defraud will not do. *Id., citing, R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F.Supp. 1499, 1516 (N.D. Ill. 1990). Heere, however, Myra alleges only that defendants engaged in racketeering activity by committing acts of mail and wire fraud. However, Myra has not alleged mail and wire fraud with sufficient particularity. Accordingly, Count II should be dismissed because it does not allege a pattern of racketeering based on mail and wire fraud.

8. Further, Plaintiff's count for unjust enrichment should be dismissed because, like several of the other counts, Plaintiff's Complaint does not contain allegations supportive of this cause of action. In Illinois, to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 545 N.E.2d 672, 679 (1989). Here, Plaintiff has failed to plead any of the above elements with any specificity. Because Plaintiff's Complaint does not contain allegations supportive of this cause of action, Plaintiff's claim for unjust enrichment should be dismissed with prejudice.

9. Plaintiff's Count for Constructive trust fails because a "constructive trust" is an equitable remedy and not an independent cause of action. *See, e.g., Fujisawa Pharmaceutical Co. v. Kapoor*, 16 F.Supp.2d 941, 952 (N.D. Ill. 1998)(dismissing constructive trust claim)(applying Illinois law); *Pucci v. Litwin*, 828 F.Supp. 1285, 1300 (N.D. Ill. 1993)(holding that constructive trust is a remedy, not an independent cause of action), citing, *Anderson v. Lybeck*, 15 Ill.2d 227, 154 N.E.2d 259 (1958). Consequently, Count VI must be dismissed for failing to state a claim.

10. Plaintiff's claim for conspiracy should fail because should the Court dismiss all of the tort counts, plaintiff cannot assert a stand alone claim for conspiracy. *See B.F.G. Blackman,* 2008 U.S. Dist. LEXIS 60585, at * 8 (N.D. Ill. July 21, 2008)("A conspiracy claim cannot stand when the underlying claim is dismissed."); *U.S. v. All Meat & Poultry Products,* 470 F.Supp. 2d 823, 829 (2007)("[A] conspiracy claim must be dismissed if the underlying claim has been dismissed."). *Galinski v. Kessler*, 134 Ill.App.3d 602, 609, 480 N.E.2d 1176, 1181 (1st Dist.

1985)("The conspiracy to commit an act is not actionable at law unless the underlying act itself constitutes wrongful or tortuous conduct").

11. Additionally, Plaintiff's claim for punitive damages should be stricken because the allegations contained in the Complaint do not amount to the type of outrageous conduct necessary to merit the award of punitive damages. Furthermore, Plaintiff did not seek leave of the Court before filing her request for punitive damages as required under 735 ILCS 5/2-607.1, *see also LaSalle Nat'l Bank v. Willis*, 378 Ill.App.3d 307, 323, 880 N.E.2d 1075, 1088 (1st Dist. 2007)(affirming dismissal of action where plaintiff failed to obtain leave of the Court before filing claim for punitive damages).

12. Count IV of Plaintiff's Complaint purports to state a claim against Defendants under the Uniform Fraudulent Transfer Act, 740 ILCS 160/1, *et seq*. This count fails because: (1) Geoffrey was not a debtor; (2) Myra was not a creditor; (3) the transfers are not alleged in sufficient detail; and (4) intent to defraud is not pled with particularity. Accordingly, the Uniform Fraudulent Transfer Act claim should be dismissed with prejudice.

13. Furthermore, the fraudulent conveyance and RICO actions are time barred by the applicable statute of limitations. A statute of limitations defense may be decided on a motion to dismiss where the allegations of the complaint show that the case is time barred. *Barry v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004).

14. Finally, Myra's claims against Jerome Meyer should be dismissed as she signed releases that bar claims against him that arose on or before January 1, 2008. Myra complains about transfers that were made to the Aldine trust prior to January 1, 2008. Any claims against Jerome arising out of these transfers are barred by three General Releases she (and other contingent beneficiaries) signed on January 1, 2006, January 1, 2007, and January 1, 2008.

- 7 -

**FOR THE FOREGOING REASONS**, Defendants David W. Ruttenberg, Geoffrey Ruttenberg, and 2002 North Mohawk, LLC respectfully request that that Court dismiss Plaintiff's Complaint with prejudice, or alternatively, that the Court dismiss the RICO Count with prejudice, and dismiss the common law counts without prejudice and with leave to re-file the same in state court.

Dated:  September 3, 2008             Respectfully submitted,

**DAVID W. RUTTENBERG, GEOFFREY RUTTENBERG, 2002 NORTH MOHAWK, LLC**
By:     /s/ John D. Burke
   One of Their Attorneys


**JEROME MEYER, in his capacity as trustee of the Aldine Trust**
By:     /s/ John Chen
   One of His Attorneys

John D. Burke (ARDC No. 06203918)
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
(312) 726-8148

Tom Hayes (ARDC No. 6280179)
**ICE MILLER LLP**
2300 Cabot Drive, Suite 455
Lisle, Illinois 60532
(630) 857-7616

John Chen (ARDC No. 06193906)
Kristi Nelson (ARDC No. 06229943)
**Chen Nelson Roberts Ltd**.
203 N. LaSalle St., 15th Floor
Chicago, Illinois 60601
(312) 782-5630

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic mail and U.S. Mail, proper postage prepaid, on the 3rd day of September, 2008, upon:

> David I. Grund
> Grund & Leavitt, P.C.
> 812 North Dearborn Street
> Chicago, Illinois 60610-3317

        /s/ John D. Burke
        John D. Burke

C/70104.1